EPHRAIMS and Another *v.* MURDOCK.

A count on an instrument of writing by which the defendant acknowledged he had received, by the hand of *J. S.*, 200 dollars in favour of the plaintiffs, is insufficient.

It is necessary to the admission of evidence of what a deceased witness swore to on a former trial, that it be proved by the record of that trial that the suit was between the same parties and for the same cause of action.

And the precise words of the deceased witness, and not merely the substance of them, must be proved.

Saturday,
December 16.

ERROR to the *Warren* Circuit Court.

SULLIVAN, J.—Debt by the plaintiffs against the defendant. The declaration contains three counts. The first and second are upon an instrument of writing, by which the defendant acknowledged that he had received, by the hand of *John Stewart*, 200 dollars in favour of the plaintiffs, &c. The third is for money had and received. Special demurrers to the first and second counts, and *nil debet* pleaded to the third. The Court sustained the demurrers. Verdict and judgment for the defendant.

The demurrers to the first and second counts were correctly sustained. They do not show, in sufficient terms, a contract express or implied by which the defendant agreed to pay the money sued for.

On the trial of the cause, a witness was introduced by the defendant, by whom he, the defendant, offered to prove the substance of what *Thomas J. Evans*, a deceased witness, had sworn to on a former trial of the same cause between the same parties. The plaintiffs objected to the testimony, but the Court overruled the objection and admitted the witness,

to which the plaintiffs excepted. The bill of exceptions states, " that the Court permitted the defendant to prove the substance of the testimony given by said *Thomas J. Evans* on the trial of the cause aforesaid, in which said *Evans* was examined as a witness, but the record of the cause in which the said *Evans* was so examined as a witness was not introduced nor offered in evidence, &c." The Court erred in overruling the plaintiffs' objection. There should have been evidence that a former trial was had between the same parties and for the same cause of action. To prove that fact the record was the best evidence, and should have been introduced. *Pitton* v. *Walter*, 1 Strange, 162.—*Doe d. Lloyd* v. *Passingham*, 2 Carr & Payne, 440.

We think the Court also erred in permitting the *substance* of what the deceased witness swore on the former trial to be proved to the jury. We are aware that on this point there are conflicting decisions, but the weight of authority is in accordance with the opinion above expressed. *Rex* v. *Jolliffe*, 4 T. R. 285.—*Ennis* v. *Donisthorne*, cited in 1 Phill. Ev. 231. —*Tod* v. *Earl of Winchelsea et al.* 3 Carr & Payne, 387.— Roscoe on Ev. 58.—*Mayor of Doncaster* v. *Day*, 3 Taunt. 262.—*Melvin* v. *Whiting*, 7 Pick. 79.— *Commonwealth* v. *Richards*, 18 *id.* 434. The reason given by Lord *Kenyon* in *Ennis* v. *Donisthorne*, *supra*, that a witness "ought to recollect the very words, for the jury alone can judge of the effect of words," is of sufficient force to incline us to adhere to the ancient doctrine. Inconvenience, it is true, may result from requiring the precise words to be proved, but not so much as would probably follow if the rule were relaxed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the plaintiffs.

*R. C. Gregory* and *D. Brier*, for the defendant.