May Term,
1846.

WARD v. THE STATE.

WARD
v.
THE STATE.

An indictment for murder alleged that the defendant, with a certain gun which he in both hands then and there held, &c., feloniously did shoot, &c. *Held*, that the omission of the word *his* before the word "hands" was no objection to the indictment.

The overruling of a motion made by the defendant in such case, that the Court instruct the prosecuting attorney, who had closed his evidence, to call certain witnesses then present, is not error.

A juror's affidavit in such case as to the view he took of the testimony, is inadmissible to impeach a verdict for the state.

On the trial of such case, the substance of the dying declarations of the deceased may be proved.

ERROR to the *Tippecanoe* Circuit Court.

*Tuesday, June 23.*

PERKINS, J.—Indictment for murder. The defendant was convicted of manslaughter, and his punishment fixed at ten years' confinement in the state prison. Motions for a new trial and in arrest of judgment were overruled, and the judgment and sentence of the Court passed upon the verdict of the jury; to reverse which, this writ of error is prosecuted.

The counsel for the defendant contends, 1. That there is a fatal defect in the indictment upon which the conviction was had. That indictment charges, among other things, " that the said *Walter P. Ward*, with a certain gun which he the said *Walter P. Ward* in both hands then and there had and held," &c., feloniously did shoot, &c. It is insisted that the omission of the word *his* before the word "hands" in this allegation is a substantial defect in the indictment, for which the judgment of the Court should have been arrested. The omission or insertion of that pronoun would go merely to the certainty of the allegation, and not to accuracy in the description of any of the acts constituting the crime, and we think the allegation sufficiently certain in its absence.

After the prosecuting attorney had closed the evidence on the part of the state, the defendant's counsel moved the Court to instruct said attorney to call as witnesses two other persons then in the court-house, who were present at the affray in which the alleged murder was committed, in order that the defendant might have the advantage of their cross-examination, but the Court refused so to instruct the prosecutor. This constitutes the second ground of error assumed on be-

May. Term, 1846.

WARD
v.
THE STATE.

half of the defendant. We think the question raised by this motion was one clearly in the discretion of the Circuit Court, in the exercise of which we cannot say they erred. Arch. Cr. Pl. 154.

3. It is insisted there was error in the Court below refusing to set aside the verdict on the affidavit of a juror. It is admitted the law seems now to be settled that jurors will not be heard in impeachment of their verdict; but it is claimed the present case does not come within that rule. The affidavit is here offered, not to impeach the verdict, says the counsel, but to show the grounds upon which the juror making the affidavit assented to it; and those grounds being, in the opinion of the counsel, erroneous, he claims the verdict shall be set aside. The juror making the affidavit expresses therein no dissatisfaction with the verdict as found, but states that, under a particular view of the testimony which he thinks the correct one, he signed the verdict objected to. It is not pretended that the juror was misled by the instructions of the Court, or misunderstood any statement in the testimony. To entertain the affidavit in question under such circumstances, it seems to us, would be more objectionable than to receive those disclosing misconduct on the part of the jury. If the Court can hear the affidavits of jurors touching the construction they put upon, or the weight they attach to, the testimony of any witness in the cause, or the grounds upon which they place their verdict, and, differing with them, can set it aside, then is a jury trial but a vexatious ceremony. The principle of the authorities, also, is against the reception. Graham on N. T., 121.—4 Mass. 399.—1 Murp. 942.—2 Stark. R. 111.

4. It is urged that the verdict is against the weight of evidence. The testimony is spread upon the record; and after bestowing upon it a careful examination, we have concluded it will not justify us in disturbing the finding of the jury.

5. It is also insisted that the Circuit Court erred in permitting the substance, instead of the exact words, of the dying declarations of the deceased, *Stansbury*, for the taking of whose life the defendant was tried, to be given in evidence to the jury. No authority is produced to sustain this posi-

tion; but it is contended the rule governing the admission of the former testimony of a deceased witness must apply. We admit the rule in that case requires the identical words to be given; 7 Blackf. 10; but it is one the justice and policy of which are seriously questioned. 1 Greenleaf, 202, sect. 165, and the authorities there cited. We are not inclined to extend the rule further than the authorities have already gone.

*Per Curiam.*—The judgment is affirmed with costs.

*H. W. Chase* and *J. H. Bradley*, for the plaintiff.

*A. A. Hammond*, for the state.