*Nov. Term, 1857.*

MULLINIX
v.
THE STATE.

---

## MULLINIX *v.* THE STATE.

Error cannot be assigned upon any ruling in a criminal prosecution, which was not made the subject of an exception in the Court below, according to the statute.

APPEAL from the *Putnam* Circuit Court.

*Per Curiam.*—*Greenberry O. Mullinix* was indicted for the murder of *Martha Mullinix,* his wife. The indictment charges him with murder in the first degree. Verdict that

*Monday, December* 14.

he was guilty, and that he suffer death; upon which the Court, having refused a new trial, rendered judgment.

The record does not contain the evidence, nor does it appear that any exception was taken to the action of the Circuit Court; and, though various errors have been assigned for the consideration of this Court, the question at once arises, is the case properly before us? The code says that, "on the trial of a criminal prosecution, exceptions may be taken by the defendant to any decision of the Court upon a matter of law, by which his substantial rights are prejudiced." Again—"All bills of exception in a criminal prosecution must be made out and presented to the judge at the time of trial, or within such time thereafter during the term, as the Court may allow, signed by the judge, and filed by the clerk. The exception must be taken at the time of the decision." 2 R. S. pp. 377, 378. In relation to the mode of taking exceptions, the above provisions establish a rule of practice not essentially dissimilar to that prescribed in civil cases. *Id.* pp. 115, 116. And we have often decided that that which is not made the subject of an exception in the Court below cannot be assigned for error in this Court (1).

It is said that this being what is denominated a "capital case," the rule to which we have referred should be relaxed; but the position thus assumed is unsustained by principle or authority. The statute, so far as it allows exceptions to be taken, creates no distinction between the offense charged in this case, and one of lower grade. It is needless for us to inquire what this Court would do, if the record contained the evidence, showing the accused guiltless of the crime of which he stands convicted. Such, however, is not the case at bar. What we decide is, that there being no exceptions to the rulings of the Circuit Court, the errors assigned are not available in the Supreme Court; and, in the absence of the testimony given on the trial, we must presume that the verdict was sustained by the proofs. *Hornberger* v. *The State*, 5 Ind. R. 300.—*Romaine* v. *The State*, 7 *id.* 63.—*Ward* v. *The State*, 8 Blackf. 101.—*Bland.* v. *The State*, 2 Ind. R. 608.

The judgment is affirmed with costs.

R. L. *Walpole* and T. D. *Walpole*, for the appellant.

Nov. Term, 1857.

(1) See *Zehnor* v. *Beard*, 8 Ind. R. 96; *Jolly et al.* v. *The Terre Haute Draw-bridge Company*, 9 *id.* 417, and the cases there cited.