35   49
96  129

# THE PEOPLE OF THE STATE OF CALIFORNIA v. GEORGE VERNON.

WHAT CONSTITUTES PART OF THE *res gestæ.*—Declarations which were voluntarily and spontaneously made, springing out of the principal transaction, and tending to explain it, and were made at a time so near to, although not precisely concurrent with it, as to preclude the idea of deliberate design, are to be regarded as contemporaneous with it, and are admissible in evidence as part of the *res gestæ.*

DECLARATIONS *in extremis.*—Declarations of the deceased concerning the circumstances attending the receipt of his fatal wounds, were made while realizing himself to be in a dying condition, although made early in the morning, and his death occurred at three o'clock P. M. of the same day: *Held,* that they were admissible in evidence against defendant, who was on trial charged with the murder of the deceased.

IDEM—WRITTEN MEMORANDA OF THE SAME.—The fact that a written statement of the declarations made by the deceased *in extremis* was at the time verified by him, and introduced in evidence at the trial of the party thereby accused of the murder, furnishes no objection to the introduction of other and independent evidence of the same or similar declarations.

APPEAL from the District Court, Fifteenth Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*Thomas A. Brown,* for Appellant.

*Jo Hamilton, Attorney General,* for the People.

7

By the Court SPRAGUE, J.:

The defendant was indicted for murder, and convicted upon the indictment of the crime of manslaughter. On appeal to this Court the case is presented upon alleged errors of the Court below, in admitting, in behalf of the prosecution, against the objections of defendant, evidence of the declarations of the deceased. It appears from the evidence, as presented in the record that a witness, Dainty, resided about two hundred feet from the residence of the prisoner; that deceased called at witness' house on Friday evening, the 21st of December, between ten and eleven o'clock, and requested him to go with deceased to the house of prisoner for the purpose of amicably arranging a recent difficulty between prisoner and deceased. Dainty told deceased to wait till he put on his clothes, and he would go along, to which deceased replied that he would go along and see prisoner if he was up, and if he was in bed he would call him up, and witness could come along. Witness dressed himself and started, had passed about half the length of his porch when he heard a shot; continued to advance towards prisoner's house, and immediately heard three more shots in quick succession, and when he got about half way to prisoner's house met deceased walking fast from the direction of prisoner's house. That it was about half a minute and not exceeding three quarters of a minute from the time witness heard the first shot till he met deceased, who immediately said he had been shot treacherously by defendant, that he (deceased) was sitting down on defendant's porch, that defendant came out to the door and spoke to him and said, " Wait till I go and put my boots on;" and instead of going to put his boots on he came out with a gun and shot him when he was sitting on the porch; that when he (deceased) got up to go away defendant followed after and shot him in the back.

The objection to these declarations of deceased being

given in evidence is urged upon the ground that they were not made at the very time of the shooting, but after the shooting had been concluded.

That these declarations, made under such circumstances and in such connection with the main fact as to allow them to be given in evidence as a part of the *res gestæ* we have no doubt, and no error was committed in admitting them as such.

Declarations, to be a part of the *res gestæ*, are not required to be precisely concurrent in point of time with the principal fact, if they spring out of the principal transaction, if they tend to explain it, are voluntary and spontaneous, and are made at a time so near it as to preclude the idea of deliberate design, then they are to be regarded as contemporaneous, and are admissible. (1 Greenl. Ev., Sec 108; *Mitchum* v. *State of Georgia*, 11 Ga. 615; *Commonwealth* v. *McPike*, 3 Cush. 181.)

The other objection urged to the evidence of the declarations made by deceased *in extremis*, are clearly untenable.

From the evidence it appears that deceased, after receiving the fatal wounds on Friday evening, lived till three o'clock P. M. of the following Sunday. That Saturday, about noon, he was informed by his attending physician that he could live but a short time, and expressed his belief that he could not live long. On Sunday morning, early, he said to his wife and witnesses Martin, McNulty, and Ruggles, that he could live but a short time, and after so expressing himself to Martin, he made a statement to him voluntarily, as he said, his dying declarations of the circumstances attending the receipt of his fatal wounds. These statements Martin immediately communicated to witness McNulty, who reduced them to writing, and read the statement carefully to deceased, who said it was correct, signed the same, and verified it, after which he made a statement to Ruggles, his physician, and immediately before to his wife. All these statements, including the one made to witness Dainty, were substantially the same, not varying in any material fact.

There is no reason to doubt, from the evidence, but that when these declarations were made on Sunday morning and forenoon, that the deceased fully realized that he was in a dying condition.

The fact that a written memorandum of the statement, verified by deceased, was read in evidence, is no objection to the introduction of independent oral evidence of the same or similar dying declarations of deceased. (1 Greenl. Ev., Sections 160, 161; *Montgomery* v. *State of Ohio*, 11 Ohio, 424; *Rex* v. *Bonner*, 6 Car. & P. 386; *The King* v. *Woodcock*, 1 Leach, 500; *Ward* v. *State*, 8 Blackf. 101; *People* v. *Glenn*, 10 Cal. 32; *People* v. *Lee*, 17 Cal. 76.)

Judgment affirmed.