THE STATE v. DRISCOLL.

1. **Robbery:** EVIDENCE: DECLARATIONS: RES GESTÆ. In a prosecution for robbery, certain declarations of the prosecuting witness were admitted against the defendant. But it appearing that the declarations were made immediately after the robbery, to persons who, with the prosecuting witness, were in search of the robbers, *held* that they were admissible as a part of the *res gestæ*. [ROTHROCK, J., *dissenting*.]

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 13.

INDICTMENT for larceny from the person of another. Trial by jury; verdict and judgment. The defendant appeals.

*McNulty & Barnes*, for appellant.

*A. J. Baker, Attorney-general*, and *Jas. H. Shields*, for the State.

SEEVERS, J.—The prosecuting witness testified, in substance, that he went into a saloon in Dubuque, and inquired for a place to stay all night. The bar-keeper told the witness that defendant and another person would take him to a boarding house. All three of them left the saloon together about eleven o'clock at night. They went down to a lumber yard near a railroad track, when, the prosecuting witness testified, the defendant and the person with him assaulted and robbed the witness. He testified that he threw $10 away at the time he was assaulted. Witness went to the railroad and met three men with lanterns. All of them went to the place of the robbery, and found the $10, and then went in search of a policeman. One of said men was C. Ohde, who was a witness for the state, and testified that the prosecuting witness said that the men who robbed him "wanted to show him a place where a boarding-house was by the railroad." Carney, a witness for the state, testified that he saw the prosecuting witness and several persons with "two or three railroad lights" coming "towards him, and thought some one was hurt. One of them said they were looking for a policeman; told them I would go with them. They said a man, I don't know which man, and the prosecuting witness said he had been robbed by two men that came from the saloon. We were then in front of it." The policeman testified that the prosecuting witness's face and shirt were bloody, and that his vest was open. Prosecuting witness told the policeman he "had been robbed" by "two men in the lumber yard near the railroad track," and that they were "two men he had met in the saloon." To all of the foregoing evidence of the declarations of the prosecuting witness the defendant objected, but the objection was overruled.

It is contended that the court erred in admitting the foregoing evidence, for the reason that it was hearsay. On the other hand, the state insists that the evidence constituted a part of the *res gestæ*, and was therefore admissible. It will be observed that the length of time which had elapsed between

the robbery and the several declarations is not stated.    But we think that what may well be designated the pursuit of the robbers immediately followed the robbery, and was a part of that transaction.    The prosecuting witness made immediate outcry, and in the effort to arrest the robbers the declarations were made; and we think, therefore, they are a part of the *res gestæ*, and therefore admissible.    The declarations were made soon after the robbery, and were explanatory thereof, and of the pursuit then in progress.    No two cases are exactly alike, and no general rule can be adopted which is applicable to all cases.    To a certain extent, at least, the facts and circumstances of each case must be considered, and in the trial court a legal discretion must be reposed, and we cannot say that such discretion has been abused.    Indeed, the facts and circumstances are much like those controlling in the following cases.    *Com. v. McPike*, 3 Cush., 181; *Driscoll v. People*, 47 Mich., 413 (419); S. C., 11 N. W. Rep., 221; *People v. Vernon*, 35 Cal., 49; *Harriman v. Stowe*, 57 Mo., 93; *Travelers' Ins. Co. v. Mosley*, 8 Wall., 397. The evidence clearly, in our opinion, justifies the verdict.

AFFIRMED.

ROTHROCK, J., dissents.