The State v. Deuble.

AFFIRMED.

---

THE STATE v. DEUBLE.

**Criminal Evidence: RES GESTAE: WHAT IS NOT.** Where a woman had been shot, but had had her wound dressed, and had lain down upon a sofa, and then, in response to one seeking information, she related with particularity and at length circumstances occurring and conversations between her and defendant had before the wound was given, and stating that defendant was drunk at the time and purposely shot her, *held* that evidence of the statements so made was not admissible as being of the res gestae. (*State v. Driscoll*, 72 Iowa, 583, *distinguished.*)

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MAY 23, 1888.

DEFENDANT was convicted of an assault with intent to commit murder, and was sentenced to imprisonment for three years in the penitentiary. He now appeals to this court.

*Hanna & Porter*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I. The indictment alleges that defendant, with the intent to kill and murder, did shoot one Lottie Jourdan in the head, inflicting a dangerous wound. A witness testified at the trial that, while he and his father were at supper, word was hastily brought to them that a man "was murdering a woman" in the direction of a neighbor's house. They hurried to the rescue. The witness testified that he heard screams for help made by the woman, and soon saw her running, followed by the defendant with a revolver in his hand. The witness went the distance of a block and procured a revolver, and returned to the house into which the woman had entered. He found defendant at the house, who declared that the woman had shot herself, and that "he wanted to go in and help her; that she was bleeding to death." The door was locked, but unlocked to admit the witness, who found the woman "sitting in a chair, with her face covered with blood." He washed the blood from her face and tied a handkerchief around her head, when she lay down upon a sofa. The witness was then permitted to testify, against defendant's objection, that he asked the woman how she had received the wound, when she related with particularity and at length circumstances occurring, and conversations between her and defendant had before the wound was given, and the fact that at the time defendant was drunk. Her statement was to the effect that defendant purposely shot her, and was made in response to an inquiry by the witness, after the affair was wholly over, and the woman had received assistance and care from the witness and others.

II.   The district court admitted the evidence on the ground that the statement of the woman was of the *res gestae.* We think it was erroneously admitted. The statement was not in the nature of declarations made while the affair was in progress ; nor was it intended to disclose the fact that a crime had been committed, and to discover and identify the offender. It was in the nature of a particular narrative of the affair, giving with considerable minuteness the manner in which the wound was inflicted, thus showing it was by the voluntary act of the defendant. It was, in fact, a narrative of the affair after it had been fully enacted and was fully known. *Res gestae* are matters occurring in connection with the act which serve to disclose the crime and point out the offender. They are not recitals of matters which have occurred. It is often difficult to determine just what things are to be regarded as *res gestae.* But it has never been claimed that a narrative of a transaction after it is over, as the statement in question clearly was, is to be regarded as of the *res gestae.* In *State v. Driscoll,* 72 Iowa, 583, declarations as to the fact of a robbery, and the pointing out of the robbers, made soon after the crime, to direct pursuit of the criminals, was held to be of the *res gestae.* So in *Com. v. McPike,* 3·Cush. 181, voluntary declarations as to the cause and manner of the injury, made soon after it was received, and immediately upon the discovery of the injured person, were held to be of the *res gestae.* In these cases, the evidence consisted of voluntary declarations made upon discovery of the crime, and soon thereafter, intended to identify the criminal and direct pursuit. In this case, as we have shown, the statement admitted in evidence is a narrative of the affair elicited by an inquiry made by one desiring to gain knowledge of the facts connected with it. The distinction between the facts of this case and those of the cases cited are obvious, and serve to point out the matters which are admissible under the rule of *res gestae.* The evidence in question, we think, ought not to have been admitted. It is proper to add that the woman who was wounded

testified at the trial that the wound was wholly accidental, and was received while she was attempting to take the revolver from the defendant.

In our opinion, the judgment of the district court ought to be

REVERSED.