## KIMBLE v. CHRISTIE.

PROMISSORY NOTE.—*Payable in Bank.*—*Fraud in Procuring Signature.*—*Innocent Holder.*—Where one, on the false and fraudulent representation of another, and in the honest belief, that it is an instrument of a different character, executes a promissory note to such person, payable in a bank of this State, he is liable for the amount thereof to an innocent endorsee thereof, before its maturity, for value.

SAME.—*Pleading.*—*Answer.*—*Confession and Avoidance.*—In such action an answer to the complaint, by the maker, verified by affidavit, denying any knowledge on his part of having executed such note, but admitting that, by the fraud and misrepresentation of the payee, in procuring the signature of the maker to what the latter honestly believed, and was informed, was an instrument of a different nature, he may have executed such note, is a plea, not of either general or special denial of the execution thereof, but, of confession and avoidance, and is bad on demurrer.

SAME.—*Can not be Double.*—The same paragraph of a pleading can not set up both a denial and matter of confession and avoidance. It may set up either but not both.

SAME.—*Complaint.*—In such action, if the complaint avers that the payee endorsed the note to the plaintiff, before it was due, such averment imports that the plaintiff is a *bona fide* holder thereof, for value.

SUPREME COURT.—*Practice.*—*Demurrer.*—Where the evidence given on the trial of a cause is not in the record, the overruling of a demurrer to an insufficient paragraph of a pleading is available as error on appeal to the Supreme Court, even though a remaining paragraph of such pleading is sufficient.

From the Ripley Circuit Court.

*G. Durbin* and *Z. T. Hazen*, for appellant.

*E. P. Ferris*, for appellee.

WORDEN, C. J.—This was an action by the appellant, as the endorsee, against the appellee, as the maker, of a promissory note for the payment of one hundred and eighty dollars, to A. W. Hall, at The First National Bank of Columbus, Indiana, six months after the date thereof, and dated April 20th, 1874, and endorsed to plaintiff by the payee, May 5th, 1874.

Issue; trial; verdict and judgment for defendant.

The appellant has assigned and relies upon error in overruling his demurrers to the third and fourth paragraphs of the defendant's answer.

The first, second, third and fourth paragraphs of the answer were duly verified.

The first was the general denial.

The second need not be noticed, as no question arises upon it.

The third was as follows:

"For a third and further answer the defendant says, on or about the 20th day of April, 1874, a man by the name of White, whose given name is unknown to the defendant, came to the residence of the defendant, in Shelby township, Ripley county, Indiana, and represented to the defendant that he was travelling for one A. W. Hall, and appointing agents to sell ' Hall's Force Pump Washer,' and desired to appoint defendant one of such agents in Shelby township, in Ripley county, and Shelby and Monroe townships, in Jefferson county, Indiana, and it was agreed that said defendant should accept said agency; that, during the negotiation relating to such contract, nothing was said between said parties about a note, or the execution of a promissory note by the defendant to said Hall or White or any other person, for any purpose whatever, and that no note was exhibited for signature, during the negotiation, at any time. That, when said defendant should accept said agency, he was, by such contract, to sell such machines and account to said Hall for the receipts of such sales, to the amount of seven dollars and

one-half for each machine sold, until defendant had sold enough to come to the sum of one hundred and eighty dollars, and then defendant was to account for two and one-half dollars for each machine sold. The machines were to be ordered by express by the defendant, from some place in Ohio, and the machines were to be paid for by defendant, on delivery at the express office. Defendant says that said White represented that it was necessary to sign an agreement and contract, which, he then represented to defendant, would contain the above stipulations, and would empower defendant to order, from a certain manufactory at Adrian, Ohio, all such machines as he might want for such agency; and defendant avers, that said White made no mention, during all said negotiation, about any promissory note, or any amount to be paid by defendant, except as herein set forth. And he avers, that no such note, as in the complaint named, was read to or shown him by said White, and, if such note was contained in the paper signed by him, it was so disguised and concealed by said White and the language of said agreement, that he, said defendant, could not, with reasonable diligence, have discovered the same. The defendant says he was not accustomed to trade in such things, nor in patents of any kind; that he was ignorant of the fact that such parties had been making and attempting to make such contracts in the country. And the defendant avers, that he never gave said note, or any other note or bill of exchange, to said White, and, if this signature to said note is genuine, it was obtained without his knowledge or consent, and by some fraudulent means, to him unknown, and which he could not prevent by the use of due diligence. Wherefore the defendant says the note in suit is not his note, and he demands judgment for costs."

The fourth paragraph is the same, in substance, as the third, as far as and including the allegation in respect to making out the papers, and then proceeds as follows:

"Defendant avers, that said White stated he would make out the papers in duplicate, so that defendant should have the same papers that White had, and defendant says that said papers were drawn up in the evening and signed, and said White stated that he would keep all the papers, so signed, in his possession until morning, and then, if defendant desired him to do so, he would surrender them to defendant, or destroy them and rescind the contract; and that said White did retain all the papers so drawn up and signed, until he had his team all ready to start in the morning; and defendant says that he informed White, in the morning, that he would prefer not to do anything further in the matter of the agency; but White threw down two papers that he had been preparing the evening before, and said the contract was complete and defendant had to stand to it. Defendant says said White at once left the house and drove rapidly away, and that he had no time to examine any papers before White was gone, and he says no mention was made of any promissory note, of any kind, at any time, and defendant says that no such note, as in the complaint named, was ever read or shown to him by said White, and if such note was contained in the papers signed by him, it was so disguised and concealed by said White and the language of said agreement, that the defendant could not, with reasonable diligence, have discovered the same. The defendant says he was not accustomed to trade in such things, nor in patents of any kind; that he was ignorant of the fact that such parties had been making and attempting to make such contracts in the country. And said defendant avers, that he never gave said note, or any other note or bill of exchange, to said White, and if this signature to said note is genuine, it was obtained without his knowledge or consent, and by said fraudulent means, to him unknown, and which he could not prevent by the use of due diligence. Wherefore defendant demands judgment for costs."

The counsel for the appellee claims that these paragraphs of answer are special answers of *non est factum.* It is important to determine whether they are paragraphs in general or special denial of the cause of action, or whether they set up matter in avoidance. They might be good, as mere denials, but not good as setting up matters in avoidance. A single paragraph of answer can not perform the double function of denying the cause of action, and of confessing and avoiding it. It must be one thing or the other, but it can not be both; and its character, in this respect, must be determined from the general scope of its averments. *Cronk* v. *Cole,* 10 Ind. 485. We are of opinion that these paragraphs attempt, not to controvert the execution of the note, but, to set up matter in avoidance thereof, and that they should be regarded, not as denials, but, as affirmative pleadings in avoidance. We think, also, that they must have been so regarded in the court below, both from their character, and from the fact that the general denial was pleaded under oath, which was broad enough to cover all matters of special denial.

The note, it will be seen, was payable at a bank in this State, and was, therefore, governed by the law merchant.

The substance of the defence set up in each paragraph is, that the defendant executed a paper without reading it, and trusting to the statement of White as to its character, which he supposed to be a contract in reference to the machines, but which turns out to be the note in suit. According to the case of *Nebeker* v. *Cutsinger,* 48 Ind. 436, in which the recent authorities were examined, neither paragraph alleged facts sufficient to bar the action upon the note in the hands of a *bona fide* holder. See, also, *Glenn* v. *Porter,* 49 Ind. 500.

But, as we understand the brief of counsel for the appellee, it is claimed that the complaint does not show that the plaintiff is a *bona fide* holder for value.

It alleges that Hall, the payee, endorsed the note to him

before it was due.　The endorsement imports a valuable consideration.　The complaint is clearly sufficient.

As the evidence is not in the record, we can not say that the verdict for the defendant was not based upon proof of the paragraphs in question, and we can not say, therefore, that the plaintiff was not injured by the ruling on the demurrers to these paragraphs.

We are of opinion that the court erred, in overruling the demurrers to the third and fourth paragraphs of the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.