JOHN G. LOCKWOOD, Appellant, *v.* JOHN QUACKENBUSH et al., Respondents.

Where in the pleadings and upon the trial the plaintiff avers a cause of action *ex delicto*, he cannot in an appellate court abandon that claim and have a reversal of judgment, because if he had asked for a judgment *ex contractu* it might properly have been rendered

(Argued November 18, 1880; decided December 7, 1880.)

THE summons in this action was for relief. The complaint alleged in substance that certain goods, the property of plaintiff, were by him intrusted to defendants as commission merchants, to be kept by them until instructed by plaintiff to sell; that they were instructed not to sell and to return the goods to plaintiff ; that in violation of these instructions and without authority they sold the goods and converted them to their own use, and although a demand was made by plaintiff, they neglected and refused to comply therewith, and judgment was asked for the value of the goods. The case was tried upon the theory of an unwarranted and unratified disposition of the goods by defendants, and plaintiff's counsel asked the court to direct a verdict for him on the ground that the goods were sold and converted in violation of instructions; this was refused. The .verdict was for the defendants. Upon the appeal plaintiff's counsel claimed the court should have directed a verdict for plaintiff for the amount of money in fact re-

ceived by defendants on sale of the goods as in an action *ex contractu.* *Held*, untenable. The court say :

" The pleadings and the whole course of the trial shut out the idea of an action *ex contractu.* The very reason given by the plaintiff, when he asked the court to direct a verdict for him, was that the goods were sold and converted in violation of instructions ; and it is plain that the action was begun, and was prosecuted throughout, on the theory of an unwarranted and unratified disposition, by the defendants, of the property of the plaintiff. There have been cases in which, though some of the averments of the complaint have designated a cause of action in tort, there were other averments which could be taken as alleging a cause of action on contract, and where, at the trial, the plaintiff sought, upon ample evidence to that end, to rest his right to recover upon contract and breach thereof, the appellate court has sustained the action as one on contract. (*Conaughty* v. *Nichols*, 42 N. Y. 83.) We know of none where, in the pleadings and in the evidence and at the trial, the plaintiff has insisted upon a cause of action *ex delicto*, he has been allowed in the appellate court to abandon that claim and have a reversal of judgment, for that he might, had he sued on contract, have perchance recovered. We must reverse for error in the court below. Where it was not error to refuse a judgment on a cause of action *ex delicto*, we cannot reverse, because if a judgment had been asked *ex contractu*, it might properly have been rendered. In such case it is sufficient to say that the plaintiff did not present that alternative to the trial court ; and by omitting so to do did not give the opportunity to the defendant of making any defense he might perhaps have, to an action based upon contract."

A stipulation was given by defendants' attorney, before the trial, which recited, that whereas the defendants were unable to produce, as required by order of the court, two letters written by plaintiff's agent in reference to the goods in question, the dates whereof were specified, therefore it was stipulated the plaintiff might produce copies thereof together with the affidavits of the agent of mailing, etc. ; and that they should be received the same as if the facts were testified to on the trial by the agent, and that defendants would not controvert or deny the contents of the let-

ters. Copies of the letters, with the affidavit of the agent that he mailed them to defendants, were produced and received on the trial. One of the defendants, as a witness in their behalf, was asked if he received from the agent a letter of the date of one of those specified. This was objected to on the ground that the stipulation precluded defendants from showing that the letter was not received. *Held*, untenable; that the stipulation only precluded a denial that the letters were sent, that the recital therein that defendants were unable to produce the letters was not an admission that they once had them; and that defendants were at liberty to refute the presumption coming from the mailing of the letters by showing that they were not received.

*L. L. Bundy* for appellant.

*J. H. Clute* for respondents.

FOLGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.