### WILLIAM W. WOOLLEN JR. v. PRICE S. WHITACRE.

1. *Double Pleading—Confession and Avoidance and Denial.*—A contract cannot be confessed and avoided and also denied in the same paragraph of answer.

2. *Patent Right Swindle.*—The *bona fide* indorsees of commercial paper thus obtained by fraud and circumvention will be protected.

[*Note by Editors.*—In some States such notes are held void into whosesoever hands they may come.]

3. *Unverified Paragraph in Denial.*—Under such paragraph the defendant could not give evidence that the note was a forgery, or was not executed by him.

William H. Trammel and William W. Woollen, for appellant, cited *Gleno* v. *Porter*, 49 Ind. 500; *Kimble* v. *Christie*, 55 Ind. 140, as to excuse for want of diligence; *Seeright* v. *Fletcher*, 6 Blackf. 380; *May* v. *Johnson*, 3 Ind. 449; *Cronk* v. *Cale*, 10 Ind. 485; *Rogers* v. *Place*, 29 Ind. 557; *Strough* v. *Gear*, 48 Ind. 100; *Nebeker* v. *Outsinger*, 48 Ind. 436; *Steele* v. *Moore*, 54 Ind. 52; *Kimble* v. *Christie*, 55 Ind. 140; *Douglas* v. *Matting*, 29 Ia. 498; *Chapman* v. *Rose*, 56 N. Y. 137; *Abbott* v. *Rose*, 65 Me. 194; *Shirts* v. *Overjohn*, Cent. L. J. 1875; *Cornell* v. *Nebeker*, 58 Ind. 425, and cases cited, as to a note signed without reading, which has passed into the hands of a *bona fide* holder; Tidd Pr. 865, Buller's Nisi Prius, 313; *Daugherty* v. *Campbell*, 1 Blackf. 39; *Lindley* v. *Kelly*, 42 Ind. 294, as to demurrer to evidence, and the duty of the court in relation thereto; *Lindley* v. *Kelly*, *supra*, as to joining in such demurrer; 1 Sand. Pl. and Ev., 1102, 1103; Tidd Prac., 861; *Strough* v. *Gear*, 48 Ind. 102, that the court may then determine

on the whole evidence for whom judgment should be rendered; *Andrews* v. *Hammond*, 8 Blkf. 540; *Griggs* v. *Seely*, 8 Ind. 249, as to reasonable construction of the evidence against the plaintiff on such demurrer; *Spitled* v. *James*, 32 Ind., 202, and cases cited as to defenses against a promissory note; 2 G. & H., § 80, p. 105, as to calling in question the execution of a written instrument; *Unthank* v. *Turnpike Co.*, 6 Ind. 125; *Hoefgen* v. *Harrison*, 7 Ind. 594, as to same point; *Phelan* v. *Morris*, 17 P. F. Smith, 59; *Goddard* v. *Haddan*, Id. 82; *Chapman* v. *Rose*, 56 N. Y. 137; *Nebeker* v. *Cutsinger*, 48 Ind. 436; *Cornell* v. *Nebeker*, 58 Ind. 425, as to alteration.

Milligan & Moore, for appellees.

Opinion of the court by Mr. Justice Worden.

This was an action by the appellant as the *bona fide* holder for value, by indorsement before maturity, against the appellee as the maker, of a promissory note for the sum of $400, dated February 9, 1872, and payable, six months from the date thereof, to James B. Drake, at the First National Bank at Indianapolis.

The defendant anwered in three paragraphs.

The first was as follows:

"The defendant, Price S. Whitacre, for answer to plaintiff's complaint says: That he never executed or delivered the supposed promissory note sued upon by plaintiff in manner and form as sued upon in his complaint, and that it is not the note of this defendant."

The second and third paragraphs were much alike, the third being more lengthy, and setting up the supposed defense more in detail than the second, but containing no material allegations not found in the second. The third paragraph need not, therefore, be set out. The second was as follows:

*Second.* And defendant, Whitacre, for a further answer to plaintiff's complaint, says: That on the 9th day of February, 1872, two persons to this affiant unknown, came to defendant, at his farm and residence thereon, four miles from the nearest town, and one of said persons represented himself to be the duly constituted agent of one J. B. Drake, to sell a certain patent right and territory therefor, for " J. B. Drake's Horse Hay Fork and Hay Carrier;" that then and there, such pretended agent constituted this defendant

agent to sell the same for three townships in said county; that the terms of said agency were mutually agreed upon and embodied in a contract, which this defendant then and there executed and delivered to said pretended agent; that said contract of agency is in the possession of some person unknown and cannot be herein set out; but that said contract was so artfully constructed, that its terms, when read properly, contained the contract as aforesaid; but affiant believes it contained a promissory note secretly and artfully concealed therein, which note could only be constructed by mutilating, cutting and trimming, and severing said note out of said contract; that when such contract was entire it was executed by this defendant; but after it was so executed and delivered in such form, it was mutilated, changed, altered, severed and otherwise trimmed into the note sued upon in plaintiff's complaint, all of which mutilation was done without the knowledge, consent, connivance or instance and request of this defendant. Wherefore defendant says that such pretended note is not his act and note, and was never executed by him as such, in manner and form as sued upon.

"Wherefore defendant asks judgment for costs and all proper relief."

The second paragraph only was verified.

The plaintiff demurred to the first, second and third paragraphs of answer respectively; but the demurrers were overruled, and the plaintiff excepted; and such further proceedings were had as that judgment was rendered for the defendant. Error is assigned upon the rulings on the demurrers.

Neither the second or third paragraph of answer controverts the execution of the note. They are not answers of denial, but of confession and avoidance.

They do not put in issue the execution of the note, but set up new matter intended to show that it is invalid.

The second paragraph, after setting up the new matter, concludes that, "Wherefore defendant says that said pretended note is not his act and note, and was never executed by him *as such* in manner and form as sued upon." The meaning of which is, that by reason of the new matter thus set up, which does not deny the execution of the note, but seeks to avoid it, it is not the defendant's note, not being executed by him as such. This cannot be construed

as a denial by the defendant of the execution of the note. A contract cannot be confessed and avoided, and also denied in the same paragraph of answer. *Cronk* v. *Cole,* 10 Ind. 485; *Kimble* v. *Christie,* 55 Ind. 140. We do not think the defendant could be convicted of perjury, this paragraph being verified, by proof that he executed the note. This would furnish a fair test of the construction of the pleading.

The second and third paragraphs not putting in issue the execution of the note, it remains to inquire whether they set up facts sufficient to avoid it in the hands of an innocent holder. That they do not is settled by many cases decided by this court wherein like questions have been involved.

Questions have been so often decided by this court as to the right of *bona fide* indorsers of commercial paper, executed under circumstances similar to those set up in the paragraphs in question, that we deem it unnecessary here to enter upon any further discussion of the subject. We refer, however, to some of the cases upon the point. *Nebeker* v. *Cutsinger,* 48 Ind. 436; *Kimble* v. *Christie, supra; Cornell* v. *Nebeker,* 58 Ind. 425; *Ruddell* v. *Thalor,* and cases there cited (April 7, 1881).

The court erred in overruling the demurrer to the second and third paragraphs of answer.

We can by no means say that the error was harmless. Proof of the matters alleged in the paragraphs would not avoid the note in the hands of a *bona fide* holder, and while the first paragraph may be good as a pleading denying the execution of the note, yet, as it was not verified, it could impose no other burden upon the plaintiff than to produce and give in evidence the note. Under the unverified paragraph in denial the defendant could not give evidence that the note was a forgery, or was not executed by him. Code § 80; *Unthank* v. *The Henry County Turnpike Co.* 6 Ind. 125; *Hunt* v. *Raymond,* 11 Ind, 215; *Denny* v. *The Northwestern Christian University,* 16 Ind. 220; *Evans* v. *The Southern Turnpike Co.* 18 Ind. 101; *Coen* v. *Funk,* 2 Ind. 345. There are, doubtless, other cases to the same effect scattered through our reports, but it is unnecessary to make any further collection of them here.

The judgment below is reversed with costs and the cause remanded with instructions to the court below to sustain the demurrer to the second and third paragraphs of answer.