No. 8074.

PEYTON v. KRUGER ET AL.

REVIEW OF JUDGMENT.—*New Matter.*—*School Law.*—*Auditor's Sale.*— *Diligence.*—*Pleading.*—*Demurrer.*—In a complaint to review a judgment for the recovery of real estate, it was alleged that the judgment plaintiff claimed through a sale and conveyance of the county auditor for a balance due on a mortgage made by the judgment defendant for purchase-money, the land being township school land, and that, since the judgment was rendered, he has discovered new matter, in this, that the auditor's sale was made without notice, etc.

Peyton *v*. Kruger *et al.*

*Held*, that this was not new matter, but new evidence in contradiction of the recital in the auditor's deed; and, if this were otherwise, no diligence is shown, the matter being easily accessible.

SAME.—*Ejectment.*—The bringing of an action in ejectment against the defendant put him upon instant inquiry into the validity of the sale under which the plaintiff claimed title.

SAME. —*Practice.* —*Equity.* —Equity affords relief from a judgment at law, on account of the discovery of new matter, only upon a showing of due diligence before the trial; and the rule is the same under the code.

PRACTICE.—*Demurrer.*—A demurrer admits only what is well pleaded.

From the Allen Circuit Court.

*W. G. Colerick, H. Colerick* and *T. W. Colerick*, for appellant.

*C. H. Aldrich* and *J. M. Barrett*, for appellees.

WOODS, J.—The appellant sued the appellees in an action to review, and for an injunction to restrain proceedings on, a judgment. Demurrers having been sustained to each paragraph of the complaint, an amended second paragraph was filed, to which a demurrer for want of facts was also sustained; and, the plaintiff excepting and refusing to amend, judgment was given for the appellees. Error is assigned upon the sustaining of the demurrer to the first paragraph of the original complaint, and upon the granting of a change of venue from the judge, but no exception has been saved to either of these rulings.

The only question for decision is, whether the amended second paragraph of complaint shows a good cause of action. It shows that the appellee Kruger had obtained a judgment against the appellant for the recovery of the possession of certain real estate, which belonged to the appellant, and for which the appellee claimed no title, except by virtue of a sale and conveyance of the land, made by the county auditor upon and for a balance due on a mortgage which the appellant had executed for the purchase-money of the land, which was congressional township school land; that the only evidence adduced in favor of the appellee in said ejectment

suit was his said deed of conveyance, which, on its face, recited the facts necessary to show the validity of the deed; that the sale was for a sum greatly less than the value of the land; that the appellant has accepted no part of the price for which the sale was made; that he supposed said sale to have been made in all respects regularly, and at the time of the trial of said action, neither he nor his attorney supposed, or had any reason to suspect, that the sale and conveyance were invalid; that, since the trial and judgment in said action, he has discovered new matter, which, by reasonable diligence, he could not have discovered sooner, in this, that he has learned, and the fact is, that said sale was made without any publication of notice; that he learned this fact within ten days last past before the commencement of this action, through and from one, "who, having had occasion to carefully examine the title of said real estate, discovered said defect."

This is a synopsis of the material averments, and there was clearly no error in the ruling of the court upon the demurrer.

In the first place, the alleged new matter is not new matter in the sense of the statute which authorizes a review for the discovery thereof, but is new evidence in contradiction of the recital of the deed, which showed that notice had been published. *Nelson* v. *Johnson*, 18 Ind. 329. But, even if this were not so, it is clear that the exercise of anything like a reasonable degree of diligence would have accomplished the discovery in time for the original trial. The appellant and his counsel had no right to rest on a presumption that the sale was regular. The appellee's action depended entirely on the regularity of that sale, and the bringing of the action put, or ought to have put, the plaintiff on immediate inquiry into every possible ground for challenging the validity of the conveyance; and the failure to make the inquiry, whether attributable to himself or another, can be character-

ized only as culpable carelessness. Equity affords no relief in such cases. Story says : "It is not, however, sufficient in all cases, to give the party relief, that the fact is material ; but it must be such as he could not by reasonable diligence get knowledge of, when he was put upon inquiry ; for if by such reasonable diligence he could have obtained knowledge of the fact, equity will not relieve him ; since that would be to encourage culpable negligence. Thus, if a party has lost his cause at law from the want of proof of a fact, which by ordinary diligence he could have obtained, he is not relievable in equity ; for the general rule is, that if the party becomes remediless at law by his own negligence, equity will not relieve him." 1 Story's Eq. Jur., sec. 146.

Counsel for the appellant put strong emphasis on the averments of the complaint, that the appellee, in the ejectment suit, "had no cause of action against the appellant, and is not the owner of said real estate, and has no interest therein, and never was the owner thereof, and never had any interest therein, and was not and is not entitled to the possession of said real estate, except by virtue of said judgment, which is contrary to law and against conscience, and which he obtained by purposely and fraudulently withholding from the appellant and the court his knowledge of the existence of said defect in his title which he knew before and at the time of the trial of said action ;" and insist that upon these facts, admitted by the demurrer to be true, this court can not, by affirming the judgment of the circuit court, "sanction the consummation of this wrong and fraud."

The demurrer admits as true only what is well pleaded. The averments concerning the appellees' want of title to the property and of right to the possession, except by virtue of said judgment, add nothing to the strength of the pleading ; and the withholding of his knowledge of the defect in his title by the appellee can not be treated as a fraud against the appellant. From the nature of the case, that knowledge

was as open to one party as to the other, and, as already stated, the institution of the appellees' action was enough to put the appellant on inquiry into the regularity of the auditor's sale and conveyance, by virtue of which alone the appellee could and did succeed in his suit. It is not alleged that the appellee practiced any deceit or used any means to prevent investigation on the appellant's behalf. After a judgment at law, equity was wont to afford relief, on account of the discovery of new matter, only upon a showing of due diligence before the trial, and such is the rule of the code. 2 R. S. 1876, p. 249, sec. 588. The complaint shows no diligence whatever; but, on the contrary, a careless assumption, which is sought to be dignified into a legal presumption, that the officer had done his duty, and that therefore the sale was presumably regular. Acting on such a presumption, the proper thing for the appellant to have done was to surrender possession voluntarily; but, having waited for an action, the proper thing was to get ready for trial; and that he did not do so was, under the circumstances stated, a degree of negligence which effectually bars all claim to equitable relief.

Judgment affirmed, with costs.