LORENZO SALISBURY, Appellant, *v.* ELIJAH M. HOWE, Re-
spondent.

When the gravamen of an action as set forth in the complaint is fraud,
and the action is tried upon that theory without objection or exception,
and the judgment is adverse to the plaintiff, the question as to whether
the complaint stated facts sufficient to constitute a cause of action on

contract, and whether there was evidence sufficient on the trial to sustain such a cause of action cannot be considered on appeal to this court. A question not presented on trial cannot be heard here.

*Neftel* v. *Lightstone* (77 N. Y. 99), distinguished.

Plaintiff's complaint alleged in substance a purchase of land by plaintiff of defendant by the acre, an excess of price fraudulently and deceitfully obtained by the latter by means of representations as to quantity; *i. e.*, that there were one hundred and twenty-five acres, which were known by defendant to be false, and were fraudulently made. Plaintiff requested the court to charge that if defendant knew or had reason to believe there was not one hundred and twenty-five acres, he was guilty of fraud in representing that there was that quantity. The court declined so to charge, but charged that if defendant, intending to cheat and defraud, misrepresented or concealed a material fact, he was liable. *Held*, no error; that the request was erroneous, as it sought to substitute for the fraudulent intent a fact which might or might not, in the minds of the jury, establish that intent.

Also *held*, that the issue presented to the jury having been plainly and unmistakably one of fraud, it was not a ground for reversal that the court made an erroneous statement to the jury of the rule which would have been applicable had the action been founded on contract; it having also been stated that the rule was inapplicable to the present case, and was only presented for the purpose of showing the distinction between actions of fraud and those on contract.

(Argued October 17, 1881; decided November 29, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 26, 1879, which affirmed a judgment in favor of defendant, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Levi H. Brown* for appellant. The deficiency in quantity of land or value thereof was not so trifling that the plaintiff should not have recovered it, whether his action was grounded in fraud, mistake or misrepresentation. (*Wilson* v. *Randall*, 67 N. Y. 338, 343; *Graves* v. *Brinkerhoff*, 4 Hun, 305; *Hill* v. *Buckley*, 17 Vesey, Jr. 394; *Church* v. *Steele*, 2 N. Y. Weekly Dig. 52; *McFerran* v. *Taylor et al.*, 3 Cranch, 270.) There being

no allegation in the complaint of an intent to cheat or defraud, plaintiff was estopped from treating the case as one of fraud. (*Harris* v. *Wilson*, 1 Wend. 511 ; *Bank* v. *Winkoop*, Hill & Denio, 243–250 ; *Lattimer* v. *Hill*, 8 Hun, 171 ; *Archer* v. *Hubbell*, 4 Wend. 514 ; *P. C. & St. F. R. Co.* v. *Hick*, 21 Alb. L. J. 494–5 ; *Benedict* v. *Johnson*, 2 Lans. 94 ; *Brotherton* v. *People*, 14 Hun, 486 ; *Wardwell* v. *Huges*, 3 Wend. 418 ; *Belnap* v. *Seely*, 4 Kern. 143 ; *Graves* v. *Waite*, 59 N. Y. 156 ; *Wilson* v. *Randall*, 67 id. 338 ; *Bixbie* v. *Wood*, 24 id. 607, 611 ; 61 id. 495 ; *Ledwich* v. *McKim*, 53 id. 307, 316 ; *Ross* v. *Terry*, 63 id. 613–614 ; *Neftel* v. *Lighthouse*, 77 id. 96, 98 ; *Freer* v. *Denton*, 61 id. 492 ; *Austin* v *Rawdon*, 44 id. 63 ; *Conaughty* v. *Nichols*, 42 id. 83 ; *Greentree* v. *Rosenstock*, 61 id. 583–9 ; *Tugman* v. *N. S. Co.*, 76 id. 207–210 ; *Sparman* v. *Keim*, 83 id. 245.) The refusal to charge " that if the defendant knew or had reason to believe there was not one hundred and twenty-five acres of land, he was guilty of fraud, in representing that there was that quantity," was error. (*Willink* v. *Vanderveer*, 1 Barb. 599 ; 2 Kent, 482 ; 6 Lans. 219 ; 53 N. Y. 462; Lalor's Supp. 55 ; *Schiffer* v. *Dietz*, 83 N. Y. 300 ; *Wakeman* v. *Dally*, 51 id. 27 ; *Meyer* v. *Amedon*, 45 id. 169–179 ; 40 id. 562 ; *Stitt* v. *Little*, 63 id. 427.) As plaintiff had not equal means with defendant, who had measured and purchased at one hundred and twenty-one acres, and had been informed of the quantity by Davis, he had an absolute right to rely upon defendant's assurance of the quantity, and was under no obligation whatever to investigate and verify its truth by a survey. (*Mead* v. *Brown*, 32 N. Y. 275–280 ; 53 id. 298–306.) The fact that the contract had been executed by deed delivered near two years before this action was commenced in no way affects or impairs the plaintiff's right of recovery of the amount he was induced to overpay by the misrepresentation and mistake as to quantity. (*Wilson* v. *Randall*, 67 N. Y. 338; *Church* v. *Steele*, 2 N. Y. Weekly Dig. 52; *Graves* v. *Brinkerhoff*, 4 Hun, 305.) Whether or not fraud was proven, there was proof of a misrepresentation of the quantity of land by defendant, and

however innocently it may have been made, plaintiff is entitled to be compensated for the deficiency irrespective of the words "more or less" in the deed, and whether the sale was in gross or by the acre. (*People* v. *Northern R. R. Co.*, 42 N. Y. 217; *The People* v. *Snyder*, 41 id. 397, 400; *McErrol* v. *Decker*, 58 How. Pr. 250; *Belknap* v. *Seeley*, 4 Kern. 143, 147; *Hammond* v. *Pennock*, 5 Lans. 359; 2 Duer, 570; *Hill* v. *Buckley*, 7 Ves. Jr. 394; 18 Wend. 422; 2 Cow. 133; 33 Barb. 392; *Mann* v. *Pearson*, 2 Johns. 37; *Marvin* v. *Bennett*, 8 Paige, 312; affirmed, 26 Wend. 166; *Morris Canal Co.* v. *Emmett*, 9 Paige, 168; *George* v. *Talman*, 5 Lans. 302; *Gillett* v. *Borden*, 6 id. 219; *Graves* v. *Brinkerhoff*, 4 Hun, 305; *McFerran* v. *Taylor*, 3 Cranch, 270.)

*S. C. Huntington* for respondent. To entitle plaintiff to recover, it must have been established and found that defendant knowingly, deceitfully and fraudulently made the false and fraudulent representations alleged in the complaint; that the plaintiff had a legal right to rely and did rely upon such representations, and was injured and damaged thereby as alleged in the complaint. (*Dudley* v. *Scranton*, 57 N. Y. 424, 427, 428; Abbott's Trial Evidence, 614, 618, 620; New Code, § 549; *Taylor* v. *Guest*, 58 N. Y. 262; *Oberlander* v. *Spiess*, 45 id. 175; *Meyer* v. *Amedon*, id. 163; *Burnham* v. *Walkup*, 54 id. 656; *Barnes* v. *Quigley*, 59 id. 265; *Hubbell* v. *Meigs et al.*, 50 id. 480; *Wakeman* v. *Dailey*, 51 id. 27; *Combs* v. *Dunn*, 50 How. Pr. 169; *Degraw* v. *Elmore*, 50 N. Y. 1; *Ross* v. *Mather*, 51 id. 108; *Peck* v. *Root*, 5 Hun, 547; *Moran* v. *McLarty*, 75 N. Y. 25, 27; *Whitmore* v. *Farrington*, 5 N. Y. W'kly Dig. 540; 1 Story's Equity Jurisprudence, § 150; *Grimes* v. *Saunders et al.*, 93 U. S. 55; *Marshall* v. *Fowler*, 7 Hun, 237; *Miller* v. *Barber et al.*, 66 N. Y. 559, 564, 568; *Berrien* v. *Mayor, etc., N. Y.*, 15 Abb. [N. S.] 207; *Thomas* v. *Beebe*, 25 N. Y. 244.) As plaintiff was entitled to prove all facts, circumstances and declarations tending to prove that defendant knew that there were not one hundred and twenty-five acres, so defendant had a legal right

to prove all facts and declarations communicated to him tending to show the contrary. (Starkie on Evidence [10th ed.], 78, 79, 52; Greenleaf on Evidence, §§ 123, 101, 108; 26 Wend. 511, 527, 536, 529, 534; 25 N. Y. 244, 250.) The question of fraudulent intent was for the jury. (*Oberlander* v. *Spiess*, 45 N. Y. 175.)

FINCH, J. This case strikes us as a plain attempt to change front after an adverse verdict, and to defeat the result of a trial upon an open and conceded issue by substituting in its place one, either not thought of during the struggle, or purposely concealed from the scrutiny of court and jury and the adverse party. The plaintiff's cause of action, as stated in his complaint, was plainly grounded in fraud. It charges a purchase of land by the acre, and an excess of price beyond what was honestly due, fraudulently and deceitfully obtained by representations of quantity which were known to be false, and were fraudulently made. There is no allegation of mistake, nor any suggestion of honest and unintentional error. The claim rests upon the fraud, and has no other foundation in the pleading. The issue thus tendered was exactly the issue which was tried. The whole drift of the plaintiff's evidence was toward proof of fraud. He sought to show, not only that he had paid for more land than he received, but that he did so in reliance upon the fraudulent representations of the defendant, and that the latter well knew, through the whole negotiation, the falsity of his statements, and was guilty of intentional fraud and deceit. At the close of plaintiff's case the defendant moved for a nonsuit, upon grounds in precise accord with the issue tendered by the pleadings, and the previous course of the trial. The ground of the motion was definitely stated to be, that the plaintiff had failed to prove the cause of action pleaded in the complaint, and that the facts did not establish a fraud, or prove a *scienter*. The motion drew out no suggestion from the adversary that these things were unnecessary, and the action could stand upon contract; but the motion was denied without the least allusion to any such theory. The

defendant then entered upon his proof. Examination and cross-examination revolved about the question of fraud, and the contest was upon that field alone. At the close of the evidence the motion for a nonsuit was renewed upon the grounds previously stated.

The court perfectly understood the question intended to be raised, and denied the motion explicitly upon the ground that there was enough evidence of fraud to carry the case to the jury, and require the submission of that issue to them. Again, there was no suggestion that the question of fraud was immaterial, and not a hint that the real and pivotal question in the case was something entirely different. It is said, however, that to this ruling, which was adverse to the defendant's motion, the plaintiff excepted. The case so shows. It presents the novelty of an exception by a party to a decision in his own favor, for that decision was simply a refusal to nonsuit him. The exception was general and without any reason assigned. It gave no hint or intimation of what is now claimed to have been its reason and purpose. It certainly can have no efficacy to raise any question except the propriety of the refusal to nonsuit, and that refusal being in plaintiff's favor, the exception is valueless for any practical purpose. The case was then summed up by the respective counsel. The subject of their discussion and the point of their collision was again the question of fraud. This is made apparent by the opening sentence in the charge of the trial judge, to the effect that the jury must have already understood, from the discussions which had taken place, that the plaintiff claimed to recover for the deficiency of land upon the ground that he had been defrauded by the defendant. Nobody disputed or denied this statement or questioned its correctness. The court then proceeded to charge, and did distinctly charge, that the question of fraud was the one presented for decision, and cited the language of the complaint to show what was claimed. To this proposition there was again neither objection nor exception, but acquiescence on both sides. At the close of the charge the defendant's counsel took certain exceptions, and made further requests

for instructions to the jury. Neither by exception nor request was any intimation given that there was an issue in the case beyond the question of fraud, and not at all dependent upon it. On the contrary, every request went upon the assumption that such was the one sole issue to be passed upon by the jury. After such a trial, so conducted and understood on both sides, the appellant now seeks to raise a question not suggested, raised or ruled upon during the contest, but for the first time presented on appeal. He now claims that his complaint may be treated, not as setting forth a cause of action for fraud, but one for money had and received which equitably and justly should be returned to him, and cites and relies upon the class of cases which, under varying circumstances, have declared a cause of action to be upon contract, although superfluous and needless allegations of fraud were woven into its framework. (*Byxbie* v. *Wood*, 24 N. Y. 607; *Ledwich* v. *McKim*, 53 id. 307; *Ross* v. *Terry*, 63 id. 613; *Freer* v. *Denton*, 61 id. 492; *Neftel* v. *Lightstone*, 77 id. 96; *Sparman* v. *Keim*, 83 id. 245.) He then argues that upon the facts proved he was entitled to a verdict although no fraud was established, and entirely independent of that issue, upon the ground that money paid for land in excess of the real quantity, upon representations made by the vendor which were untrue, though not fraudulent, may be recovered back. (*Wilson* v. *Randall*, 67 N. Y. 338, and cases cited.) It is not necessary to consider the application of either of these propositions to the case in hand. It is enough to say that a trial in a court of justice is meant to be a fair struggle after the truth, and not a rivalry of shrewdness, or a trap for the unwary. If the plaintiff had taken his present position on the trial, and in some manner apprised the court and his adversary that there was another issue present beyond that of fraud, we could listen to him now. We must rule again, as we have often held, that a question not presented on the trial cannot be heard here, least of all when to do so would violate every principle of fairness and justice, and reverse the whole current and theory of the trial. We must regard the pleading and the issue as the parties and the court united in regarding it, and not sub-

stitute in its room something not tried or considered. We think the appellant is bound by his acquiescence on the trial. The cases upon which he relies, while holding that the actions then under discussion could be divested of their incidental allegations of fraud, and treated as arising on contract, in no respect apply such a rule to a case treated and tried from commencement to close as an action for fraud. In the latest of these cases (*Neftel* v. *Lightstone*, 77 N. Y. 99) this court was careful to qualify its conclusion as applicable only where it was plain that the case had been tried upon its merits, and the defendant had not been embarrassed or misled in making his defense.

But treating the action as one founded upon fraud, there are still exceptions to be considered.

The plaintiff requested the court to charge that if the defendant knew, or had reason to believe, there was not one hundred and twenty-five acres of land, he was guilty of fraud in representing that there was that quantity. The court declined to adopt that precise language, but repeated what had been previously said, that if defendant, intending to cheat and defraud, misrepresented or concealed a material fact, he was liable for the wrong. The request was erroneous. It sought to substitute for the fraudulent intent a fact which might or might not, in the minds of the jury, establish that intent. The defendant might have had "reason to believe" that there was less than one hundred and twenty-five acres of land, and yet not have believed it, but have honestly believed the reverse. The cases cited in support of the request to charge, when carefully read, are found to guard against any such misapprehension. (*Meyer* v. *Amidon*, 45 N. Y. 169; *Wakeman* v. *Dalley*, 51 id. 27.) They treat the fact that one "has reason to believe" his statement to be false, merely as evidence tending to prove the fraudulent intent, and require that intent to be established. The court applied the needed correction to the request, and declined to make conclusive as matter of law what was properly but evidence upon the question of fact.

The court was asked to assert the same absolute conclusion

of fraud as flowing from defendant's own statement of what was done between him and Sage as to ascertaining the quantity, and which he did not disclose. Whether fraud was or was not to be inferred from the facts here relied on, was a question for the jury and not for the court. From the very nature of the case the defendant's intent, whether wicked or honest, was to be gathered from the circumstances proved, and decided as a question of fact. The request would have put the court in the place of the jury upon a state of facts which clearly admitted an inference of innocence as well as of guilt.

The remaining exceptions to the charge are not important. The charge as to exaggerations was corrected so as to relate merely to opinions of value, and so had no bearing on the case; and that as to whether the defendant did more than express an opinion as to the quantity of land, was conceded by the court in answer to the exception to be, perhaps, objectionable for want of evidence to support it.

The exception last argued would have been the most serious of all if it had been material to the case and the issue on trial. The court undertook to state the rule which would have been applicable had the action been founded on contract, and possibly stated it incorrectly. Whether right or wrong was of no consequence upon the actual issue of fraud then on trial. The plaintiff excepted to it, among other reasons, because it was "totally inapplicable" to the case in hand. The learned judge substantially conceded that fact, saying that his only purpose was to show the jury the distinction between actions of fraud and actions on contract. The issue presented to the jury was plainly and unmistakably one of fraud. We cannot see how the opinion expressed as to what would have been the rule, had the action been on contract, could have tended to mislead or confuse the jury. It was simply superfluous and unnecessary and conceded by the court to be immaterial to the real issue presented. The alleged error is pressed upon us here, mainly upon the ground that the action was on contract, and so the alleged error was material. Our view of the case, as

one founded upon fraud alone, deprives that reasoning of its force.

We fail to see any just ground for interfering with the verdict rendered. The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.