No. 10,175.

JOHNSTON v. GRIEST.

CONTRACT.—Gift.—Promise.—Construction of Contract.—G. executed to J. a writing as follows: "January 1st, 1876. This will certify that I do give to J. $100, the money to be paid as soon as my financial condition will allow; and if I do not live to pay it, I wish it paid out of my estate." Suit thereon by J. against G.

Held, that the instrument is not a promise to pay money, but a promise to make a gift, and that an action thereon can not be maintained.

Held, also, that it is not so ambiguous as to depend for its construction upon extrinsic facts.

PLEADING.—Complaint.—Written Instrument.—Cause of Action.—Practice.— Where a complaint professes to be founded upon a written instrument, and to rely on it as the cause of action, the plaintiff can not ask that it be held sufficient as setting forth some other right of action.

SAME.—Demurrer.—A demurrer admits only such allegations of a plead-ing as are properly and sufficiently pleaded.

From the Montgomery Circuit Court.

M. D. White, G. W. Paul and J. E. Humphries, for appellant.
A. D. Thomas, for appellee.

ELLIOTT, J.—The instrument upon which the appellant's complaint is founded reads thus:

"January 1st, 1876.

"This will certify that I do give to Charles E. Johnston $100, the money to be paid as soon as my financial condition will allow; and if I do not live to pay it, I wish it paid out of my estate." (Signed) ". EDWARD F. GRIEST."

The questions presented are these:

. *First.* Is the instrument a promise to pay money, or is it a promise to make a gift?

*Second.* Is it so ambiguous as to make its construction depend upon extrinsic facts?

Of these in their order.

. If the words " I do give " are not qualified by other words, then, plainly enough, the instrument is a mere promise to make a gift, and not a contract to pay money. But there are words which can not be passed unnoticed. The words "pay" and "paid," as used in the writing, are supposed to control the expression " I do give," and show that something more than a mere promise to make a gift was intended. The word "give" does not always signify a mere gratuitous act; at all events it is not one of those words which have a fixed and unalterable meaning. In business affairs we frequently find embodied in propositions from one contracting party to another such expressions as " I will give you such a price for such an article," or " I will give you so much rent for such a parcel of land;" in these cases, and very many like them, no one would take the meaning of " give " to be that the person making the proposal meant to do what he proposed out of mere generosity. But while the word " give " does not invariably indicate an intention to make a gift, the usual meaning unquestionably is to grant the thing specified as an act of generosity. We do not think the words " pay " and "paid " control the word "give," and divest it of its ordinary signification; they are, as it seems to us, to be understood as directing in what manner the gift shall be executed.

The case can not be distinguished from that of *Harmon* v. *James,* 7 Ind. 263. In that case the instrument read as follows:

"May 14th, 1836. This is to show that I allow to give Willet James two hundred and fifty dollars, to be paid in two years after date, as witness my hand and seal." And it was held that it was not a promise to pay money. The principle upon which the case proceeds is, that there is no undertaking to pay, and consequently no obligation created. This is sound doctrine. *Baird* v. *Thayer*, 8 Blackf. 146 ; *Ephraims* v. *Murdock*, 7 Blackf. 10. This last case has, we are aware, been overruled upon one point, but not upon the point here involved.

The cases of *Veasey* v. *Reeves*, 6 Ind. 406, and *Lewis* v. *Tipton*, 10 Ohio St. 88, are not in point, for the instrument sued on in those cases contained, what that sued on in this case lacks, a promise to pay money. It is just this want of an undertaking to pay money that renders the instrument in suit unavailable as a cause of action.

We come to the second of the questions stated. There are cases where an instrument is so ambiguous that it can not be construed without the aid of extrinsic facts; but the one under examination does not belong to that class. No mere process of construction can make it a promise to pay money. In order to give it this effect it would be necessary to thrust into it words which the parties did not write there; and this, it is well settled, can not be done except in cases of accident, fraud or mistake, and there is here no pretence of anything of that nature. It is, however, unnecessary to discuss this branch of the case, for the decision in *Harmon* v. *James* is fully and broadly against the appellant.

It is contended by the counsel that, aside from the instrument set out in each paragraph of the complaint, there are facts constituting a cause of action, and that, for this reason, the court erred in the ruling upon the demurrer. This position is untenable. It is too evident for controversy that the pleading is founded on the written instrument, and all else is mere auxiliary matter, explanatory of its meaning and effect. The theory is that the written instrument constitutes

a cause of action, and to this theory the appellant must be held; for a plaintiff can not declare on one theory and recover upon another. *Johnston, etc., Co.* v. *Bartley,* 81 Ind. 406; *Judy* v. *Gilbert,* 77 Ind. 96 (40 Am. R. 289); *Lockwood* v. *Quackenbush,* 83 N. Y. 607; *Salisbury* v. *Howe,* 87 N. Y. 128. Where a complaint professes to be founded on a written instrument and to rely on the instrument as the cause of action, the party can not ask that it may be held sufficient as setting forth some other right of action.

Pleadings are to be construed according to their general scope and meaning, and not from detached and separate parts wrenched from their connection with the main body of the pleader's averments. Where it is evident from the general scope of the pleading, that it was intended to rest solely upon a written instrument, the pleader can not, upon discovering its insufficiency as a complaint of that character, change front and assert it to be sufficient for an altogether different purpose and upon a cause of action of an essentially different nature. *Trippe* v. *Huncheon,* 82 Ind. 307; *Neidefer* v. *Chastain,* 71 Ind. 363 (36 Am. R. 198); *Richardson* v. *Snider,* 72 Ind. 425 (37 Am. R. 168); *Jackson School Tp.* v. *Farlow,* 75 Ind. 118; *Kimble* v. *Christie,* 55 Ind. 140.

The appellee mistakes the rule. A demurrer does not admit all the allegations of a pleading; it admits only such as are properly and sufficiently pleaded. *Peyton* v. *Kruger,* 77 Ind. 486; *Worley* v. *Moore,* 77 Ind. 567. In this case the demurrer admits only such allegations as are relevant to, and fairly connected with, the gravamen of the action; and that is, in reality, the written instrument.

Judgment affirmed.