Platter v. The City of Seymour.

---

No. 9042.

PLATTER v. THE CITY OF SEYMOUR.

MUNICIPAL CORPORATION.— *Construction of Public Works.*— A municipal
corporation may construct ordinary public works through its officers
and servants in cases where the whole expense is to be paid out of the
corporate treasury, and is not bound to let such work out to independent
contractors.

SAME.—*Liability for Torts of Servants.*—Where the servants of a municipal
corporation, engaged in the service of the corporation, and in the con-
struction of an authorized corporate work, commit a trespass, the mu-
nicipality is liable.

SAME.—*Consequential Injuries.*—A municipal corporation is not liable for

| 86 | 323 |
| 125 | 344 |
| 86 | 323 |
| 132 | 474 |
| 86 | 323 |
| 136 | 615 |
| 86 | 323 |
| 138 | 226 |
| 86 | 323 |
| 150 | 308 |
| 150 | 431 |
| 86 | 323 |
| e163 | 126 |
| e163 | 384 |
| 86 | 323 |
| 164 | 430 |
| 86 | 323 |
| 169 | 641 |

consequential injuries arising from the performance of a public work, where there is no want of skill or lack of care.

PLEADING.—*Demurrer.*—A demurrer does not admit all the statements contained in a complaint, but admits only such as are properly or sufficiently pleaded.

SAME.—*Construction of Pleading.*—A pleading is to be construed according to its general tenor and scope, and the construction is not to be controlled by impertinent or isolated statements.

SAME.—*Complaint Framed on One· Distinct Theory.*—Where the complaint proceeds ·on a distinct theory, it must be construed with reference to that theory, and according to the general scope of its averments.

SUPREME COURT.—*Nominal Damages.*—A reversal will not be adjudged where the only error is a refusal to give mere nominal damages.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*F. T. Hord* and *W. B. Hord,* for appellee.

ELLIOTT, J.—The principal questions which this case presents were determined in the case of *Cummins* v. *City of Seymour,* 79 Ind. 491 (41 Am. R. 618). The complaint before us is similar to the one passed upon in that case, but contains the additional statement that the servants of the appellee, engaged in the construction of a drain in a public highway adjoining appellant's premises, cast soil upon his land, and injured his fence. No statement, however, of the amount of damages suffered is made, and the whole drift of the complaint shows that a recovery is not sought upon the ground of a trespass on the appellant's close, but ·upon the ground that the appellant is entitled to consequential damages resulting from the construction of a drain in the highway.

We have no doubt that a municipal corporation may construct ordinary public works, such as a drain or ditch, by its officers or servants, and is not bound to let such work out to independent contractors. *City of Aurora* v. *Fox,* 78 Ind. 1; *Cummins* v. *City of Seymour, supra.* The statutory provisions upon the subject of awarding contracts for public improvements apply to cases where the work is done at the expense of adjoining property owners. Where servants of a munici-

pal corporation, while engaged in the service of the corporation and in the performance of some work which the corporation has power to construct, commit a trespass upon land adjoining the line of the work, the municipality is liable. 2 Dillon Munic. Corp. (3d ed.), sec. 971. The general rule is, that a municipal corporation is not responsible for consequential injuries resulting from the careful and skilful improvement of a public street; but this rule does not protect it in cases where its servants wrongfully enter upon and injure adjacent land. *Town of Martinsville* v. *Shirley*, 84 Ind. 546; *Hendershott* v. *City of Ottumwa*, 46 Iowa, 658; S. C., 26 Am. Rep. 182.

. If the complaint under examination can be regarded as properly stating as a cause of action that the servants of the appellee, while engaged in its service, wrongfully entered upon and injured the appellant's property, it should be held good. That the complaint contains a statement upon this subject is true, but the question is as to whether it is properly in the pleading and so sufficiently pleaded as to require consideration. It is a familiar rule that a demurrer admits only such facts as are well pleaded. It is not every fact stated in a pleading that is to be considered as admitted by a demurrer. The admission does not extend to irrelevant matters, nor to matters badly pleaded.

The complaint is a very long one, and the theory upon which it proceeds is, that the appellant has a right of action for the injuries resulting from the alleged wrongful construction of a ditch in a highway lying outside of the corporate limits of the city. The texture and drift of the complaint plainly show that the cause of action intended to be pleaded is not one of trespass for an unlawful entry upon land, but one for consequential damages resulting from the construction of a public work by a municipal corporation. The allegation as to the entry on the appellant's land is an isolated one, occupying an out-of-the-way place in the pleading, and not connected with the cause of action which the complaint was evi-

dently meant to set forth. The statement of which we are speaking is impertinent, and of such statements a standard author says : ."So also, allegations which are impertinent, or immaterial, are not confessed, by a demurrer." Gould Pl. (4th ed.) 439 ; *Peyton* v. *Kruger*, 77 Ind. 486.

A pleading is to be considered according to its general scope, and is not to be controlled by detached and isolated statements. Thus, a complaint professing to be founded on a written instrument can not be made good by an isolated and impertinent statement of the consideration of the instrument, as that it was given for goods sold and delivered. *Johnston* v. *Griest*, 85 Ind. 503 ; *Trippe* v. *Huncheon*, 82 Ind. 307 ; *Richardson* v. *Snider*, 72 Ind. 425 (37 Am. R. 168) ; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118 ; *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198) ; *Kimble* v. *Christie*, 55 Ind. 140. Where a pleader professes to declare on a distinct and definite theory, and to state one cause of action, and that upon the theory adopted, his complaint is to be construed with respect to that theory ; and, as was said in *Kimble* v. *Christie*, " its character, in this respect, must be determined from the general scope of its averments." *Johnston, etc., Co.* v. *Bartley*, 81 Ind. 406 ; *Judy* v. *Gilbert*, 77 Ind. 96 (40 Am. R. 289) ; *Lockwood* v. *Quackenbush*, 83 N. Y. 607 ; *Salisbury* v. *Howe*, 87 N. Y. 128.

To permit an isolated statement to control the scope and meaning of a long and involved pleading would be destructive of all certainty in pleading, result in injury to litigants, and impose upon the trial court the burden of looking into out-of-the-way places to discover if disconnected and irrelevant allegations existed which might change the drift of the general averments of the complaint. Such a system would make pleadings mere traps for the ensnaring of the adverse parties, and would give to pleadings a protean character, which all rules of practice condemn.

The counsel for the appellant, in his original brief, does not make any point upon the allegation we have been considering. The ground upon which he put his case is thus ex-

pressed : " I think the averments of the complaint fully show that the defendant, in the light of these authorities, has created an actionable nuisance." The entire argument, from beginning to end, is directed to the question of the appellee's liability for consequential damages, and no comment is made upon the allegation of which we have been speaking.

If the allegation referred to could be deemed entitled to consideration, we should not be justified in reversing the judgment, for the utmost that could be claimed upon this concession would be that there was a technical trespass, and nominal damages, and it is settled that a mere right to nominal damages will not warrant a reversal. *Hacker* v. *Blake*, 17 Ind. 97; *Mahoney* v. *Robbins*, 49 Ind. 146; *Axtel* v. *Chase*, 77 Ind. 74; *Town of Tipton* v. *Jones*, 77 Ind. 307; *Atkins* v. *VanBuren School Tp.*, 77 Ind. 447.

Judgment affirmed.