The State, *ex rel.* Padgett, Prosecuting Attorney, *v.* Foulkes *et al.*

Filed March 27, 1884.

------

No. 11,437.

THE STATE, EX REL. PADGETT, PROSECUTING ATTORNEY, *v.* FOULKES ET AL.

QUO WARRANTO.—*Information against Incorporators of Railway Company.*— *Contradictory Averments.*—*Pleading.*—Where an information, in the nature of a *quo warranto,* against the incorporators of a railroad company, sets out several alleged illegal acts in the same paragraph, these several acts must be construed, not as separate paragraphs, but as parts of one paragraph; and if the allegations contradict each other as to material facts, the paragraph is bad.

SAME.—*Illegal Act of Secretary of State.*—The fact that the Secretary of State, in filing the articles of such company, unlawfully antedates them, is not ground for such information.

The State, *ex rel.* Padgett, Prosecuting Attorney, *v.* Foulkes *et al.*

SAME.—*Filing Articles of Association.*—In filing such articles, it is the act of depositing them in such secretary's office, and not the mere file-mark thereon, that constitutes the filing.

SAME.—*Residences of Subscribers.*—Such articles need not state the residences of the subscribers.

From the Knox Circuit Court.

*A. J. Padgett, H. S. Cauthorn, J. M. Boyle* and *O. F. Baker*, for appellant.

*W. H. De Wolf, S. N. Chambers, F. W. Viehe, R. G. Evans, G. G. Reily, W. C. Niblack* and *J. C. Denny*, for appellees.

ELLIOTT, J.—It has long been settled that where an amended complaint is filed the original no longer remains as a pleading, and that rulings upon it are made immaterial by the amendment. The record in this case shows that the ruling on the motion to strike out applied solely to the original complaint, and as that was superseded by amendment, that ruling becomes wholly immaterial. The only ruling in the case, therefore, which is properly before us. is that upon the demurrer to the information, and to that we direct our attention.

The information is one in a proceeding in the nature of a *quo warranto*, and charges that the appellees have assumed to create a corporation under the name of the Vincennes and Ohio River Railroad Company, have assumed to exercise corporate powers, and claim that the pretended corporation was organized under the general laws providing for the incorporation of railroad companies.

The first specification in the information charges that a public meeting was held in the city of Vincennes, on the 6th of February, 1883, for the purpose of organizing the corporation ; that a draft of articles of association was then presented and signatures called for; that the name of the corporation was not stated, nor was the amount of the capital stock, nor the termini of the railroad given ; that the draft of the articles was, at that meeting, blank as to these matters ; that it was agreed that such blanks should not then be filled

but should afterwards be filled; that, with this understanding, divers persons signed the instrument; that at a subsequent meeting the blanks in the instrument were filled without the knowledge or consent of those who had signed at the previous meeting, and that other persons then signed, but the entire capital stock purporting to have been taken was only $50,150, and there was no ratification by those who had previously signed; that the instrument was then filed. It is also averred that the articles had not the amount of stock subscribed required by law; that the persons named as directors were not stockholders. The substance of the second specification is that defective articles of association were filed with the secretary of state, on the 3d day of March, 1883 (but wherein they were defective is not stated), and that in July following other articles of association were filed, purporting to be original articles of association, and that the date of filing was not truly stated, but was given as the 3d of March, 1883, whereas they were filed in July or August. The third specification charges that the articles were never filed. The fourth specification charges that stock to the amount of $50,000 had not been subscribed when the articles of association were filed; that no directors were elected, and that the subscribers did not state their respective places of residence or the shares of stock subscribed respectively. It is charged in the fifth specification that the subscriptions to the capital stock of the corporation were not made in good faith, but that those who did subscribe the articles in good faith, not being able to secure the requisite amount, the amount of $47,000 was subscribed by John R. Long, a nonresident of the State and wholly insolvent; that Long made his subscription solely for the purpose of enabling the appellees to incorporate, and that they did not intend to rely upon the subscriptions to the capital stock of the alleged corporation, but upon appropriations from public corporations along the line of the proposed railroad.

The charges of the first specification are nullified by those

of the second. The statements of the latter specification show that two articles of association were executed and filed, and if the last was properly executed, and this is not denied, and filed, then the improper or defective execution of the first is not material. The question is not whether the first articles were properly executed, but whether such steps had been taken as entitled the association to exercise corporate powers, at the time the information was filed. If there was a legal corporation at that time, then, no matter how many mistakes had occurred prior to that time, or how great the irregularities in the preparation of the articles of association, the relator has no right to maintain this information.

The allegation that the secretary of state antedated the filing of the articles of association does not make this specification good. If that officer had violated his duty in that respect, still the legality of the acts of the corporators would not be injuriously affected. The State can not take rights from a corporation because of a wrong committed by one of its own officers. But, aside from this, the allegation is insufficient for another reason, for the endorsement of the date of filing is not the material thing, the act of depositing the paper with the proper officer is the essential element of the act of filing. *Naylor* v. *Moody*, 2 Blackf. 247; *Engleman* v. *State*, 2 Ind. 91; *Johnson* v. *Crawfordsville, etc., R. R. Co.*, 11 Ind. 280; *Miller* v. *O'Reilly*, 84 Ind. 168.

The appellant contends that the specifications, although set forth in one and the same paragraph, are separate and distinct causes of action, and that each is to be considered without reference to the others. We can not assent to this view. There is but one cause of action set forth in the pleading, and if that is a good one the complaint is sufficient; if not, the complaint is insufficient. If the statements of one part of a single paragraph of the complaint are shown to be untrue or to be of no force by another part, then the whole paragraph must fall. For example, if a complaint consisting of a single paragraph should aver in one place that articles of associa-

tion were not filed, and in another aver that they were filed, the complaint would necessarily be bad, for the conflict would leave no facts admitted by the demurrer; or, if a single paragraph shows facts constituting a *prima facie* cause of action, but adds to them facts constituting a perfect defence, the pleading would certainly be bad on demurrer. Thus, if an information against one claiming a public office should show that the claimant did not receive a majority of the votes cast, but should also show that his competitor, the relator, was ineligible, it would be bad. *State, ex rel.,* v. *Bieler,* 87 Ind. 320; *Reynolds* v. *State, ex rel.,* 61 Ind. 392. It is true that separate and distinct assignments of breaches of bonds, and in some cases separate specifications of causes for injunction, may be separately demurred to, but these are exceptional cases, and it may well be doubted whether the practice recognized as correct in such cases is not opposed to the spirit of the code; at all events, it is one not to be extended. Even in these exceptional cases it is held that the separate specifications are to be taken in connection with the other allegations; while in the case of separate and different paragraphs the rule has always been that each paragraph must be good and complete in itself, and that it can not be aided by statements in other paragraphs. It is perfectly clear, therefore, that if one specification is overthrown by another specification in the same paragraph, the whole paragraph, in so far as its counts upon the cause on which the specifications are flatly contradictory, is bad.

Another contradiction occurs between the allegations of the third and the second specifications as to the filing of articles of association, and for this reason we must disregard both. Where there are contradictory allegations, we must construe the pleading against the pleader, for upon him rests the burden of affirmatively stating a cause of action or defence, and if he annihilates one allegation by another, nothing is affirmed.

Between part of the allegations of the fourth and fifth

specifications, there is a direct contradiction, one affirming that stock to the amount of $50,000 was never subscribed; the other stating that it was subscribed, but that $47,000 of the amount was subscribed by an insolvent person. Here again one statement nullifies the other, and we can not act upon either.

It has been many times decided that a single paragraph of a complaint must proceed upon a definite theory and must be good upon that theory or not good at all. So, too, it has been decided that a pleading can not both affirm and deny the same thing. *Mescall* v. *Tully*, 91 Ind. 96; *Johnston* v. *Griest*, 85 Ind. 503; *Platter* v. *City of Seymour*, 86 Ind. 323; *Johnston, etc., Co.* v. *Bartley*, 81 Ind. 406; *Judy* v. *Gilbert*, 77 Ind. 96 (40 Am. R. 289); *Lockwood* v. *Quackenbush*, 83 N. Y. 607; *Salisbury* v. *Howe*, 87 N. Y. 128; *Cronk* v. *Cole*, 10 Ind. 485.

It is well settled that pleadings are to be construed, not from isolated statements, but according to their general scope. They can not be made good by detached statements, but must be so when taken as a whole, pursuant to the general tenor of their allegations. *Neidefer* v. *Chastain*, 71 Ind. 363, S. C., 36 Am. R. 198; *Kimble* v. *Christie*, 55 Ind. 140; *Trippe* v. *Huncheon*, 82 Ind. 307; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Richardson* v. *Snider*, 72 Ind. 425, S. C., 37 Am. R. 425. A pleader can not select detached statements and repudiate others, and then insist that his complaint is good. It is true that surplusage does not vitiate, but averments directly made, and fully bearing upon and blended with the material facts, can not be deemed surplusage. Stephen Pleading, 422.

It is an elementary principle that a demurrer admits only such facts as are sufficiently pleaded. *Platter* v. *City of Seymour*, 86 Ind. 323; *Peyton* v. *Kruger*, 77 Ind. 486; Gould Pl. (4th ed.) 439. Facts contradictorily pleaded are certainly not sufficiently pleaded, and if they are not then they are not admitted.

The State, *ex rel.* Padgett, Prosecuting Attorney, *v.* Foulkes *et al.*

The object of pleading is to evolve an issue, that is, to reach a point where facts are affirmed on one side and denied on the other, and, therefore, an issue can never be reached if a plaintiff may both affirm and deny the same things.

It is also an elementary rule that the evidence must be confined to the allegations of the pleadings, and this would be impossible if a plaintiff were permitted, in one cause of action, to both affirm and deny the same thing. If he could do this, then he could prove the same thing and yet disprove it, so that there would be really nothing to which he could be confined. It is evident, therefore, that a contradictory pleading can not be good where the contradiction is upon matters of a material character, and takes place as to the same matters.

The allegations of the information admitted by the demurrer leave but one question undisposed of, and that is the question whether the failure to state the residences of the subscribers vitiated the articles of association. The statute does not require that the residences of subscribers to articles of association of railroad corporations should be stated, and, therefore, the failure to state them does not vitiate the articles signed and filed by the appellees. R. S. 1881, section 3885.

We agree with the appellant's counsel, that if the information contained one valid specification sufficiently pleaded, the demurrer should have been overruled, for we fully approve the rule that where a demurrer is addressed to an entire pleading, one sufficiently pleaded and good cause of action will repel the assault. But we find·here no good cause sufficiently pleaded. Such causes as would be good if they had not been nullified by contradictory statements are, by these statements, utterly borne down and overthrown, leaving admitted only the allegations sufficiently pleaded.

Judgment affirmed.

NIBLACK, J., did not take any part in the decision of this cause.

Filed April 15, 1884.