## BELL *v.* LEWIS.

DECEDENTS' ESTATES.—*Overpayment to Administrator.*—A debtor paid a debt due a decedent to his administrator, each party supposing the true amount was being paid. After final settlement of the estate, the debtor sued the ex-administrator in his individual capacity, to recover an excess alleged to have been paid to the defendant as administrator.

*Held,* that the suit would not lie. The claim, if there was any, was against the estate, and should have been filed as such claim before the final settlement thereof. Nor would the fact that the overpayment was not discovered until after the estate was settled enable the plaintiff to recover.

From the Gibson Common Pleas.

*C. A. Buskirk,* for appellant.

*D. F. Embree,* for appellee.

PETTIT, J.—This suit was brought by appellee, Lewis, against appellant, Bell, to recover an excess of money paid; and the case is briefly this: Bell was the administrator of his father's estate, and was pressed by suit by a third party for money that was due from the estate of his father. Lewis was indebted to the estate of which Bell was the administrator. Bell went to Lewis and told him he wanted the

money he owed, to pay the debt of his father's estate, for which he had been sued.   Lewis paid Bell the money, and Bell on the same day paid the same money and the exact amount to the creditor of his father's estate, and the suit was dismissed.   Bell fully administered and made final settlement of his father's estate.   Lewis filed no claim against the estate; but after it was finally settled, he brought this suit against Bell, not as administrator, but personally, to recover back from him an alleged excess he had paid to Bell, over and above the amount he owed the estate of which Bell was administrator.

This is the whole case, as made both by the pleadings and evidence.   The court found for the plaintiff and rendered judgment for about four hundred dollars.   Proper motion for new trial overruled, exception taken, and proper error assigned.

The appellee has furnished us no brief or shown any ground on which this judgment can be sustained.   We do not wonder that he has saved himself this labor.   We learn from the complaint and the appellant's brief, that the theory upon which this suit was brought and sustained was, that Lewis did not discover that he had paid too much till after the final settlement of the estate by Bell, and that he was paying the money which he owed the estate to Bell in his individual capacity, and not as administrator.   The statute requires that all claims, etc., shall be filed within a year after administration was granted, or before a final settlement. This was not done.   If Lewis had paid the money which he owed the estate to Bell in his individual character, it would be no payment of his debt to the estate, and he would still be indebted to the estate for the whole sum which he had owed it.

The judgment is reversed, at appellee's costs, with instructions to grant a new trial.