No. 9193.

DICKEY v. TYNER ET AL.

MISTAKE.—*Decedents' Estates.*—*Settlement with Administrator.*—*Negligence.*— *Equity.*—Equity favors the diligent and will not afford relief from a mistake made in a settlement with an administrator, to a party who,

besides his negligence at the time of the mistake, offers no explanation of his failure to discover it before the final settlement of the estate and discharge of the administrator.

SAME.—*Setting Aside Final Settlement.*—It is not good ground for setting aside a final settlement of an estate that, by mistake, the administrator had collected of a debtor the full amount of his note, a credit endorsed on the note having been overlooked—no reason being shown why the mistake could not have been discovered before the final settlement.

SAME.—*Liability of Heirs.*—One who, by mistake, fails to get the benefit of a credit endorsed upon a note held against him by an administrator, and does not discover the fact until after final settlement of the estate, has no cause of action against the heirs or distributees of the estate.

From the Tipton Circuit Court.

*R. B. Beauchamp* and *G. H. Gifford*, for appellant.

*R. Vaile* and *J. F. Vaile*, for appellees.

WOODS, C. J.—The circuit court sustained a demurrer, for want of facts, to both paragraphs of the appellant's complaint, and gave judgment for the appellees.

The facts stated in each paragraph are, in substance, that in November, 1871, James V. Cox died testate, the appellees, except Tyner, who was named in the will as executor, and qualified as such, being the widow and children and legatees, to whom the estate was devised; the testator and the appellant had had extensive dealings with each other, which remained unsettled, evidenced in part by book accounts, and in part by promissory notes, which the testator held against the appellant to the number of twenty or more; that, in January, 1874, the appellant and the executor settled, or attempted to settle, and in the attempted settlement the appellant was found indebted to the estate in the sum of $4,024.48; that the notes aforesaid were included in this settlement, and by reason of their being all pasted together at one end, a credit of $500, endorsed on one of them, was concealed and overlooked, and that note entered into and was counted in the settlement against the appellant for the sum of $703, when in fact there was only due and unpaid the sum of $15; that said note had been inventoried for its full amount, and the mistake so made

in the settlement was carried into the current report next thereafter made by said executor, and thence into his final settlement of the estate, which was made in September, 1878; that at that settlement the surplus of the estate, which was greater than it ought to have been by the amount of the mistake, was distributed to the widow, children and legatees named as defendants; that the appellant did not discover said mistake until after the final settlement of the estate had been made; that he had no book account or other means in his power to enable him to discover the amount due from him to the estate at the time of said settlement with the executor, and that as soon as he discovered the mistake he at once brought his action to enforce his claim and to set aside the final settlement of the estate.

The prayer of the second paragraph is, not to set aside the settlement and open the estate, but to recover the amount of the over-payment of the legatees and distributees, who are made defendants, and are alleged to be possessed of the estate.

It is plain that the facts averred are not sufficient to entitle the appellant to recover directly against the heirs or legatees under the second count; R. S. 1881, sections 2442, 2453; and if the appellant has any remedy it must be under the first paragraph. The question presented is, whether the facts stated show a mistake for which the final settlement of the estate can and should be set aside.

The objection is made, that the complaint does not show that the sum for which the credit was endorsed on the note was actually paid, and that unless it was in fact paid it was proper that the endorsement should have been disregarded. The averment is made, however, that there was due and unpaid upon the note only $15; while it was counted against the appellant for the full amount. This meets the objection, and shows that an error was committed to the injury of the appellant.

The 116th section of the act for the settlement of decedents' estates, which was in force when this suit was tried, contains

the provision that any person interested ·in an estate which has been settled, may have the " settlement set aside for mistake or fraud, at any time within three years after said settlement."

It is insisted that the mistake shown in this case was not a mistake in the final settlement within the meaning of the provision quoted, but constituted only a claim against the estate which, under the authority of *Bell* v. *Lewis*, 44 Ind. 129, was lost, because not presented as such before the final settlement of the estate had been declared.

Passing by the questions thus suggested, and conceding, for the sake of the argument, that the alleged mistake was within the scope of the statute, we are of opinion, upon the facts stated, that the appellant's negligence was such as justly to debar him from asking to have the settlement opened and corrected. Notwithstanding the averment that he had no book entries or other means to enable him to know the amount of his liability to the estate, the notes themselves were present, it must be presumed, when the settlement between him and the executor was made, and should have been examined for the discovery of endorsements. An ordinarily prudent man, under ordinary circumstances, would not have ·failed in this respect; but, if this should be regarded as excusable negligence, there remains the fact that the estate remained unsettled for four years after the mistake occurred, and the discovery was not made until eighteen months or two years later. How the discovery was then made, and why, by proper diligence, it might not just as well have been made sooner, is not explained. Equity does not favor those who are thus negligent of their interests. See 1 Story Eq. Jur., section 146 ; *Peyton* v. *Kruger*, 77 Ind. 486.

Good policy certainly requires that the final settlement of an estate should not be disturbed on account of alleged mistakes, unless the applicant shows himself to have been reasonably diligent.

Judgment affirmed.